UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

TYRE LEACH,

                                      Plaintiff,

        -against-

CITY OF NEW YORK, JOHN MARCANTONIO, Individually,
CORNELIUS O'KEEFE, Individually, and JOHN and JANE
DOE 1 through 10, Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                      Defendants.

---------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

17 CV 00346
(LDH) (SMG)

<u>Jury Trial Demanded</u>

       Plaintiff TYRE LEACH, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

    1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

    2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

    4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff TYRE LEACH is a thirty-eight-year-old African American man residing in Queens, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, JOHN MARCANTONIO, CORNELIUS O'KEEFE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

# FACTS

12. On October 22, 2015 at approximately 10:44 p.m., in front of 118-07 Sutphin Boulevard, Queens, New York, defendant NYPD Officer JOHN MARCANTONIO, acting under color of law, and with the assistance of a second defendant NYPD Officer, Lieutenant CORNELIUS O'KEEFE, assaulted and battered, falsely arrested, unlawfully imprisoned and manufactured evidence against TYRE LEACH.

13. On the aforesaid date, plaintiff was throwing a soda can in the trash.

14. Defendant police officers MARCANTONIO and O'KEEFE stopped plaintiff for purportedly littering.

15. When plaintiff lawfully verbally protested the stop, the defendants grabbed him, and handcuffed and arrested him.

16. In the process of doing so, plaintiff's arm was unreasonably, unnecessarily, and otherwise without justification, forcefully twisted, injuring plaintiff's arm.

17. The defendant officers thereafter caused plaintiff to be transported to the 113th Police Precinct and imprisoned him in a cell therein while restrained by leg shackles and handcuffs.

18. Plaintiff remained imprisoned and restrained in the cell for approximately four hours, before being transported to Jamaica Hospital Medical Center, where plaintiff received treatment for his left arm.

19. Plaintiff was discharged from the hospital and again imprisoned at the 113th Police Precinct.

20. From the 113th Police Precinct, plaintiff was transported to Queens Central Booking, and then arraigned on October 23, 2015 on baseless charges filed in Queens County

Criminal Court under docket numbers 2015QN053329, said charges having been filed based on false allegations sworn to by defendant MARCANTONIO.

21. Defendant MARCANTONIO created and manufactured false evidence which he conveyed to the Queens County District Attorney's Office and which were likely to be used against plaintiff in the aforementioned legal proceeding. Specifically, defendant MARCANTONIO conveyed and swore to false allegations that plaintiff resisted arrest, that he had littered, and that the soda can plaintiff was discarding contained alcohol in it, all of which formed the basis of the criminal charges of resisting arrest, littering, public consumption of alcohol, disorderly conduct, and harassment filed against plaintiff.

22. On December 17, 2015, all the false charges lodged against plaintiff were adjourned in contemplation of dismissal, and have since been dismissed and sealed and otherwise deemed a legal nullity.

23. Defendants MARCANTONIO, CORNELIUS O'KEEFE, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

24. Defendant MARCANTONIO and CORNELIUS O'KEEFE owed a duty to plaintiff to ensure his safety in their custody and to properly apply handcuffs in a manner which would not cause injury to plaintiff.

25. Defendant MARCANTONIO and CORNELIUS O'KEEFE breached their duty to plaintiff, resulting in plaintiff sustaining the above described physical injuries while in their custody.

26. All of the above occurred as a direct result of the unconstitutional policies,

customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, employing excessive force, falsification, lax investigations of police misconduct, and of covering up abuse by fellow officers.

27. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and falsely arrest individuals to cover up police abuse.

28. For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

29. Further, with respect to the custom and practice of using excessive force, and lack of training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD issued a report on October 1, 2015, available on the City of New York's website at http://www.nyc.gov/html/oignypd/assets/downloads/pdf/oig_nypd_use_of_force_ report_-_oct_1_2015.pdf. Said report acknowledged that between the years of 2010 and 2014 the Civilian Complaint Review Board substantiated 179 force cases. The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to

5

use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise, providing little guidance to individual officers on what actions constitute force." The report further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.

30. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

31. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

32. As a result of the foregoing, plaintiff TYRE LEACH sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Defendant Officers)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendant officers arrested plaintiff TYRE LEACH without probable cause, causing him to be detained against his will for an extended period of time and subjected to

physical restraints.

35.    Defendant officers caused plaintiff TYRE LEACH to be falsely arrested and unlawfully imprisoned.

36.    As a result of the foregoing, plaintiff TYRE LEACH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against Defendant Officers)

37.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.    The level of force employed by defendant officers was excessive, objectively unreasonable and otherwise in violation of plaintiff TYRE LEACH'S constitutional rights.

39.    As a result of the aforementioned conduct of the defendant officers, plaintiff TYRE LEACH was subjected to excessive force and sustained serious physical injuries and emotional distress.

40.    As a result of the foregoing, plaintiff TYRE LEACH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THRID CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 against Defendant Officers)

41.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendant JOHN MARCANTONIO manufactured false evidence against plaintiff TYRE LEACH.

43. Defendant JOHN MARCANTONIO forwarded this false evidence to the Queens County District Attorney's Office to be used against plaintiff TYRE LEACH in legal proceedings.

44. As a result of defendants' creation and use of false evidence, plaintiff TYRE LEACH suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

45. As a result of the foregoing, plaintiff TYRE LEACH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against the Defendants Officers)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants had an affirmative duty to intervene on behalf of plaintiff TYRE LEACH, whose constitutional rights were being violated in their presence by other officers.

48. The defendants failed to intervene to prevent the unlawful conduct described herein.

49. As a result of the foregoing, plaintiff TYRE LEACH was subjected to excessive force, arrested, he was denied his right to a fair trial, and he was put in fear of his safety.

50. As a result of the foregoing, plaintiff TYRE LEACH is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983 against Defendant Officers)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Supervisory defendant CORNELIUS O'KEEFE personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others by participating in the constitutional violations suffered by plaintiff and in failing to properly supervise and train his subordinate employees.

53. As a result of the foregoing, plaintiff TYRE LEACH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force

against individuals and falsely arresting individuals to justify said use of force. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff TYRE LEACH'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff TYRE LEACH.

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff TYRE LEACH as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the Constitutional violations suffered by plaintiff TYRE LEACH as alleged herein.

60. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD, plaintiff TYRE LEACH was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

61. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff TYRE LEACH'S constitutional rights.

62. All of the foregoing acts by defendants deprived plaintiff TYRE LEACH of federally protected rights, including, but not limited to, the right:

  A. To be free from false arrest/unlawful imprisonment;

  B. To be free from excessive force;

  C. To receive a fair trial; and

  E. To be free from the failure to intervene.

63. As a result of the foregoing, plaintiff TYRE LEACH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

66. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

67. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

68. Plaintiff has complied with all conditions precedent to maintaining the instant action.

69. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York against Defendant Officers and Defendant City of New York)

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. As a result of the foregoing, plaintiff TYRE LEACH was placed in apprehension of imminent harmful and offensive bodily contact.

72. As a result of defendants' conduct, plaintiff TYRE LEACH has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

73. The individually named defendants assaulted plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

74. As a result of the foregoing, plaintiff TYRE LEACH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Battery under the laws of the State of New York against Defendants Officers and Defendant City of New York)

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants made offensive contact with plaintiff TYRE LEACH without privilege or consent.

77. As a result of defendants' conduct, plaintiff TYRE LEACH has suffered physical

pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

78. The individually named defendants battered plaintiffs. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

79. As a result of the foregoing, plaintiff TYRE LEACH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

82. Defendant City, as employer of the defendant officers is responsible for their negligent acts under the doctrine of *respondeat superior*

83. As a result of the foregoing, plaintiff TYRE LEACH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

84. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

86. As a result of the foregoing, plaintiff TYRE LEACH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff TYRE LEACH demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
August 3, 2017

        BRETT H. KLEIN, ESQ., PLLC
        Attorneys for Plaintiff TYRE LEACH
        305 Broadway, Suite 600
        New York, New York 10007
        (212) 335-0132

        By:    s/ Brett Klein
               BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

TYRE LEACH,

                                        Plaintiff,

                                                                               17 CV 00346
        -against-                                                     (LDH) (SMG)

CITY OF NEW YORK, JOHN MARCANTONIO, Individually,
CORNELIUS O'KEEFE, Individually, and JOHN and JANE
DOE 1 through 10, Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                       Defendants.

-------------------------------------------------------------------------------X

## AMENDED COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132